UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
QUDIRRO SULPH,                                                              **Index No.**

                      Plaintiff,

   -against-                                                                            **VERIFIED COMPLAINT**

THE CITY OF NEW YORK, NEW YORK CITY                        **(Jury Trial Demanded)**
POLICE DEPARTMENT, POLICE OFFICER
KIMBERLY HUACON, POLICE OFFICER
RAHUL SAHNI, individually and in their
Respective capacities as members of the City of
New York Police Department,
                      Defendants.
-------------------------------------------------------------------X

Plaintiff, QUDIRRO SULPH, by his attorneys, RAISER & KENNIFF, P.C., complaining of the Defendants, herein respectfully shows to this Court and alleges the following:

### NATURE OF ACTION

1. This is a civil rights action to recover money damages arising out of Defendants' violation of Plaintiff's rights as secured by the Civil Rights Act, 42 USC Section 1983, which authorizes actions to redress the deprivation under color of state law of rights, privileges and immunities secured to the Plaintiff by the Constitution and the laws of the United Stated by 42 USC Section 1988 and of rights secured by the First, Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

2. On August 4, 2012, Plaintiff Sulph was asked by a friend to drive him to Brooklyn for an errand. Plaintiff complied with this request and utilizing his mother's 1999 Dodge Caravan, drove his friend into Brooklyn where his friend completed his errand and returned to the vehicle.

3. With Mr. Sulph driving, they thereafter proceeded to the intersection of DeKalb

and Irving Avenues in the County of Kings, State of New York, where a very minor traffic accident occurred with the Dodge Caravan striking another vehicle, operated by an MTA employee, in the rear.

4. An inspection by the MTA employee revealed no damage and he left, indicating that he had to get to work.

5. Police Officers KIMBERLY HUACON and RAHUL SAHNI approached Mr. Sulph's vehicle under pretext and illegally arrested Mr. Sulph and his passenger, charging them with four counts of criminal possession of a controlled substance.

6. Mr. Sulph was incarcerated, first at Central Booking, and subsequently at Rikers Island for a period of time, which was in direct deprivation of his liberty, his freedom and his right to be free from illegal police activities.

7. Mr. Sulph at all times cooperated with the police by providing his driver's license and registration, and stated in the course of the police investigation that the drugs that were eventually found in the car were not his and he had no knowledge of them but they must have belonged to his friend.

8. The police falsely and maliciously indicated that the drugs that were found were resting in plain view, which defies credibility.

9. Eventually, Mr. Sulph waived immunity and testified consistently with the above before the Grand Jury and was later indicted and proceeded to trial.

10. At trial, the Plaintiff was acquitted of all charges.

11. The trial was held over a number of days in June 2013 and the jury unanimously acquitted Mr. Sulph of all counts of the indictment.

12. The Plaintiff herein suffered serious, egregious injuries by being deprived of his liberty and freedom, and his constitutional and civil rights, including but not limited to false arrest, false imprisonment, and malicious prosecution, resulting directly in the deprivation of his constitutional rights and those of this country's citizens.

## JURISDICTION

13. This action is brought pursuant to 42 USC 1983 and 1988, and the Fourth and 14th Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 US Code section 1331, 1343 (3) and (4), and the First, Fourth, Fifth, Sixth, Eighth, and 14th amendments to the Constitution of the United States.

## VENUE

14. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 US Code 1391, (a), (b) and (c) and section 1402 (b) because the claims arose in this district and the Plaintiff resides in this district.

## JURY DEMAND

15. Plaintiffs demand trial by jury in this action.

## PARTIES

16. Plaintiff Qudirro Sulph is a citizen of the United States and is a resident of the County of Suffolk, State of New York, and at all times relevant to the allegations of this complaint did so reside.

17. Defendant City of New York, hereinafter ("City") is a municipal corporation, organized under the laws of the State of New York and at all relevant times. The City operates the New York City Police Department, hereinafter ("NYPD") and is responsible for the

appointment, training, supervision, promotion, and discipline of police officers and supervisory police officers under their control.

18. The Defendant Police Officers, Kimberly Huacon, hereinafter ("Huacon") and Rahul Sahni, hereinafter ("Sahni"), were and are at all times relevant herein, police officers and agents of the City of New York , the NYPD and the City of New York. Police Officers Huacon and Sahni are being sued individually and in their official capacities.

19. At all times relevant hereto, all Defendants were acting under color of law and pursuant to their authority as police personnel, with the power and authority vested in them as officers, agents, and employees of the NYPD, and incidental to lawful pursuit of their duties as officers and agents of the NYPD.

### FIRST CAUSE OF ACTION
(Violation of rights secured by 42 US Code 1983 and
by the Fourth and 14th Amendments of the United States Constitution)

20. Each and every allegation set forth in the preceding paragraphs is incorporated herein by reference to the same effect as if fully set forth herein.

21. At all times relevant herein, the conduct of all Defendants was subject to the provisions of 42 US Code 1983 and 1988.

22. As of April 4, 2012 there existed a clearly recognized federal right pursuant to the fourth and 14th amendments of the United States Constitution to be to be free from the deprivation of liberty without due process of law.

23. The actions of Defendants' Huacon and Sahni, acting jointly and severally under color of state law, and unlawfully seizing, searching, frisking, arresting, and imprisoning Plaintiff was done intentionally, maliciously, and all with a reckless disregard for the natural and probable

4

consequences of their acts and was done without lawful justification and was designed to cause, and did cause, past and future psychological, emotional, degradation, humiliation, mental anguish, suffering, embarrassment and loss and damage to reputation and deprivation of liberty in violation of the Plaintiff's constitutional rights under the 42 US Code 1983 and the fourth and 14th amendments to the United States Constitution.

24. As a direct and proximate result of all of the Defendants' wrongful acts, policies, practices, customs, and/or usages complained of herein, the Plaintiff suffered injuries and damages including but not limited to past and future psychological and emotional injury, degradation, humiliation, and mental anguish, suffering embarrassment, loss of and damage to reputation, and deprivation of liberty without any negligence on the part of the Plaintiff contributing thereto.

## SECOND CAUSE OF ACTION

### (Constitutional Claims Against The Municipal Defendants)

25. Each and every allegation set forth in the preceding paragraphs is incorporated herein by reference to the same effect as if fully set forth herein.

26. At all times material to this complaint, the Defendant City acting through NYPD had in effect de facto policies, practices, and customs exhibiting deliberate indifference to the constitutional rights of the citizens, residents, and occupants of the City of New York, including but not limited to stop and frisk policies, illegal searches, and deprivation of liberty which were the direct and proximate cause of the unconstitutional conduct of the Defendant police officers.

27. These de facto policies, practices, and customs include *inter alia* the failure to properly screen, train, supervise, discipline, transfer, counsel, and otherwise control, police

5

officers engaged in unlawful and unjustified detention and imprisonment of citizens, residents, and occupants of the City of New York and in particular the policy considered and called "stop and frisk".

28. Upon information and belief, the Defendant City failed to effectively screen, hire, train, supervise, and discipline their police officers, including the Defendant police officers herein, for their propensity and for their failure to protect citizens from unconstitutional conduct of all the police officers, thereby permitting and allowing the Defendant police officers herein to be in a position to unlawfully arrest, search, and imprison the Plaintiff and to otherwise cause injury and violate his federal and state constitutional rights and/or to permit these actions that take place with their knowledge or consent.

29. As a result of the foregoing policies, practices, customs, and usages, the Defendant City has permitted and allowed the employment and retention of individuals as police officers whose individual circumstances placed the public, such segments thereof at substantial risk of being the victims of constitutionally violative behavior. Such policies, practices, customs, and usages are a direct and proximate cause of the conduct alleged herein and a direct and proximate cause of the injuries to the Plaintiff.

30. At all times herein, Defendant City had authority to address this alleged illegal behavior that violated citizens constitutional rights and to institute corrective measures.

31. As a direct and proximate result of the Defendants wrongful acts, policies, practices, customs and/or usages complained of herein, the Plaintiff suffered injuries and damages including but not limited to past and future psychological and emotional injury, degradation, humiliation, mental anguish, suffering and the embarrassment, loss of and damage to reputation

and deprivation of liberty without any negligence on the part of the Plaintiff contributing thereto.

## THIRD CAUSE OF ACTION

### (Pendent Claim for Negligent Hiring Training and supervision Against Defendant City)

32. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference to the same effect as if fully set forth herein.

33. At all times relevant herein, Defendant City has been grossly negligent in the hiring, supervision, training, and monitoring of Defendant police officers.

34. As a direct and proximate result of Defendants wrongful acts, policies, practices, customs and/or usages complained of herein, Plaintiff suffered injuries and damage including but not limited to past and future psychological and emotional injury, degradation, humiliation, mental anguish, suffering and embarrassment, loss of and damage to his reputation, and deprivation of liberty, without any negligence on the part of the Plaintiff contributing thereto.

## FOURTH CAUSE OF ACTION

### (False Arrest and False Imprisonment)

35. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference at the same effect as if fully set forth herein.

36. Defendants' Huacon and Sahni, acting individually and in concert, intentionally and deliberately, falsely arrested, and falsely imprisoned Plaintiff and subjected Plaintiff to an unreasonable, unlawful, and unconstitutional search.

37. The Defendants Huacon and Sahni, claimed and based their seizure of the person of the Plaintiff on an alleged failure to produce a drivers license and registration for the 1999

Caravan vehicle. This was a falsehood and a fabrication designed to provide the Defendant police officers with a basis to arrest, imprison, and attempt conviction without justification or provocation.

38. The Defendant police officers intended to confine Plaintiff to a prison cell at the correctional facilities.

39. Plaintiff was conscious of the confinement at the above-mentioned place.

40. Plaintiff did not consent to the confinement.

41. The confinement of the Plaintiff was not otherwise privileged or legal such as due to a search warrant or probable cause.

42. As a direct and proximate result of the Defendants wrongful acts, policies, practices, customs, and/or usages complained of herein, the Plaintiff suffered injuries and damages including but not limited to past and future psychological and emotional injury, degradation, humiliation, mental anguish, suffering and embarrassment, loss of and damage to reputation, and deprivation of liberty, without any negligence on the part of the Plaintiff contributing thereto.

## FIFTH CAUSE OF ACTION

### (Malicious Prosecution)

43. The actions of the Defendant police officers, acting individually and in concert, intentionally, and deliberately led to a malicious prosecution of Plaintiff.

44. A judicial proceeding was commenced and prosecuted against Plaintiff at the insistence of the Defendants.

45. This was undertaken without probable cause and with malice aforethought.

46. The judicial preceding terminated in favor of the Plaintiff.

47. The Plaintiff was injured by having to go through this judicial proceeding and suffered interference with his person and property as a result of this proceeding.

48. As a direct and proximate result of the Defendants wrongful acts, policies, practices, customs, and/or usages complained of herein, the Plaintiff suffered injuries and damages including but not limited to past and future psychological and emotional injury, degradation, humiliation, mental anguish, suffering and embarrassment, loss of and damage to reputation, and deprivation of liberty, without any negligence on the part of the Plaintiff contributing thereto.

## JURY DEMAND

48. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request judgment against Defendants as follows:

    a.    compensatory damages against all defendants jointly and severally;

    b.    punitive damages against all individual defendants jointly and severally

    c.    to convene and impanel a jury to consider the issues of these claims;

    d.    reasonable attorneys' fees and costs pursuant to 42 US Code 1988; and

    e.    such other and further relief as this Court deems just and proper.

Dated: Mineola, NY
      June 24, 2015

                                Yours, etc.

                                **RAISER & KENNIFF, P.C.**

                                _____
                                E. Gordon Haesloop, Esq. (5790)
                                300 Old Country Road, Suite 351
                                Mineola, New York 11501
                                (516) 742-7600 (t)
                                (516) 742 – 7618 (f)
                                gordon@raiserkenniff.com

                                *Attorneys for Plaintiffs*

# V E R I F I C A T I O N

STATE OF NEW YORK )
) ss.:
COUNTY OF NASSAU )

E. GORDON HAESLOOP, ESQ. being sworn, deposes and says:

He is a member of RAISER & KENNIFF, P.C. attorneys for Defendant QUDIRRO SULPH in the within action; he has read the within Verified Complaint and knows the contents thereof; and the same is true to his own knowledge, except and to the matters herein stated to be alleged upon information and belief, and as to those matters, he believes them to be true.

The source of his information and knowledge are based upon an investigation of the records on file.

The reason this Verification is being made by deponent and not by the Defendants is that the Defendants are not within the county where deponent has its offices.

_E. Gordon Haesloop_
E. GORDON HAESLOOP, ESQ.

Sworn to before me this

26 day of June, 2015

_____
Notary Public

CHRISTINE MEEHAN
NOTARY PUBLIC, State of New York
No. 01ME6226144
Qualified in Nassau County
Commission Expires August 02, 20 18

11